## BABIN ZILL SASH & DOOR CO v LYONS

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10745.  Decided Oct 27, 1930

Galvin & Babin, Cleveland, for Sash & Door Co.

Leonard G. Danceau, Cleveland, for Lyons.

LEVINE, J.

It appears from the meager record presented by the bill of exceptions that after maturity the defendants affixed their signatures as endorsers to this promissory note which named them as payees. It further appears that at the time the witness, a member of the plaintiff company, secured the endorsement that the defendant, Jacob Lyons, told of the various plans he had in contemplation either to sell or refinance the property and to pay the cross-petitioning company.

We are referred to 8154 GC which reads as follows:

> "8154.  Transfer without indorsement. When the holder of an instrument payable to his order transfers it for value without endorsing it, the transfer vests in the transferee such title as the transferror had therein and the transferee acquires in addition the right to have the indorsement of the transferror. But for the purpose of determining whether the transferee is a holder in due course, the negotiation takes effect as of the time when the indorsement is actually made."

Prior to the enactment of this section it has been held that a note transferred without endorsement is subject to all the equities existing between the maker and the payee at the time of service of notice

of the transfer to the maker.

Kyle vs Thompson, 11 Oh St 616
Holmes vs Chandler, 33 Oh St 178

Were it not for the wording of the section as it now appears, the transferee who receives a negotiable instrument without an endorsement by the transferror, no personal liability as endorser would attach to the transferror. It would constitute a mere assignment of whatever right and interest the transferror had and no more. By force of this section he becomes in law an endorser even though he did not attach to the instrument his formal indorsement.

At the time defendants delivered this note in which they were named as payees, to the plaintiff, they transferred it for a valuable consideration and they became by force of law, endorsers to all intents and purposes, just as if they had attached their names as endorsers on the back of the instrument. As such endorsers they would be entitled to notice of dishonor and non-payment unless the same had been waived:

"Presentment for payment is dispensed with.........by a waiver of presentment expressed or implied." 8187 GC.

"Notice of dishonor may be waived either before the time of giving notice has arrived or after omission to give notice. The waiver may be expressed or implied." 8214 GC.

In Joyce Defenses to Commercial Paper, Sec. 826, we find the following:

"Notice of dishonor may be waived, either before the time of giving notice has arrived or after the omission to give notice, and the waiver may be expressed or implied; waiver may be implied by words or conduct of the endorser, which induced the holder to believe that waiver is intended."

In support of this statement of the law, the following decisions are cited:

"One who admits liability after maturity of the instrument and after failure to give notice and who suggests a plan of settlement is held to have waived the defense of failure to give notice." 137 Ky. 437.

"A new promise of the endorser with knowledge that notice of dishonor had not been given, constitutes a waiver by him of failure to give notice of dishonor." Hulbert vs Bradley 94 Conn. 495.

"So, when an endorser, after the expiration of the time of giving notice of dishonor makes a declaration of his intention to pay the note, he thereby waives notice of dishonor, whether or not he knew of his discharge." Doughetry vs First National Bank. 170 Ky. 810.

We are of the opinion that the act of the defendants in attaching their signatures on the back of the promissory note after maturity made them endorsers to all intents and purposes. When they signed the instrument as endorsers after maturity with knowledge that the note had already matured, and that no notice of dishonor and nonpayment was ever given to them, they waived thereby, the requirement of notice.

We are further of the opinion that while the allegations of the petition are to the effect that the defendants were given due notice of default and non-payment, that these allegations may be supported by evidence that there was a waiver of notice.

The evidence which tends to show a waiver of notice, was introduced without objection and in our opinion it supports the allegations of the petition. We may add, aside from the provisions of the General Code, that the act of the transferrors in attaching their names as indorsers to the back of the note after maturity of the same, may be regarded in the nature of a new promise. They saw fit not to stand on their technical defense and to acknowledge their obligation, and they may therefore be held to the performance of said obligation.

Holding as we do, the judgment of the common pleas court will be reversed and the case is remanded for further proceedings according to law.

Vickery, PJ, and Cline, J, concur.